UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE PARKER,

                          Petitioner,

-against-

SUPT. LEROY FIELDS JR.,

                          Respondent.

20-CV-0421 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated at Fishkill Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his June 19, 2019 conviction in the New York Supreme Court, Bronx County. By order dated February 3, 2020, the Court granted Petitioner's request to proceed *in forma pauperis*. For the following reasons, the Court dismisses the action without prejudice to Petitioner's filing a new *habeas corpus* petition after he fully exhausts his state court remedies.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)

(emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**BACKGROUND**

In October 2010, after a jury found Petitioner guilty of second-degree robbery, a Bronx County trial court sentenced him to 20 years to life. Petitioner appealed the decision, and the Appellate Division, First Department, affirmed the conviction in a 3-2 split decision. *People v. Parker*, 135 A.D.3d 52 (1st Dep't 2015). Petitioner sought and obtained leave to appeal from the Court of Appeals, and on June 28, 2018, that court reversed and ordered a new trial, "conclud[ing] that, because the record fail[ed] to establish that the trial court provided counsel with meaningful notice of the precise contents of two substantive jury notes in discharge of a core obligation under [Criminal Procedure Law] 310.30, a mode of proceedings error occurred and a new trial must be ordered." *People v. Parker*, 32 N.Y.3d 49 (2018). Petitioner states that he accepted a plea offer, and on June 19, 2019, the trial court sentenced him to 3½ to 7 years' incarceration.

While Petitioner's appeal with the Court of Appeals was pending, he filed in the Bronx County trial court a motion to vacate his judgment under N.Y. C.P.L. § 440.10, claiming that he received ineffective assistance of counsel. He also filed a motion to vacate his sentence under N.Y. C.P.L. § 440.20, claiming that the trial court improperly sentenced him as a persistent

violent felony offender. The trial court held both motions in abeyance, pending the Court of Appeals' decision, but never ruled on the motions after the Court of Appeals ordered a new trial.[1]

After pleading guilty, Petitioner filed a notice of appeal on July 11, 2019, and "the case is in route to Appellate Division First Dept." (ECF No. 2 at 22.)

Petitioner now raises four grounds challenging his June 19, 2019 conviction, namely: (1) his lawyer was ineffective during the plea negotiations; (2) his lawyer failed to file motions or inquire about Petitioner's § 440 motions; (3) his lawyer failed to resubmit a speedy trial motion under N.Y. C.P.L. § 30.30; (4) Petitioner pleaded guilty "under 'extreme' 'duress'"; (5) Petitioner pleaded guilty to an "illegal" plea agreement "because Robbery 3rd degree was trial ordered dismissed during the first trial in June 2010"; and (6) his lawyer failed to object to the trial court's reading into the record the dismissed counts, which were later provided to the Parole Board, causing the Board to "hit [Petitioner] with [a one year] hold because of the illegal plea deal." (ECF No. 2 at 7-10.)

Petitioner seeks release from custody.

## DISCUSSION

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under § 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has

---

[1] Petitioner also raised these claims in a supplemental brief, which he filed with the Court of Appeals, but that court never addressed them, most likely because it reversed his conviction on other grounds.

'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

Here, Petitioner states that he filed a notice of appeal on July 11, 2019, and that the appeal is pending. Because he has not fully exhausted his state court remedies, this petition is filed prematurely.[2] After exhausting his state court remedies, Petitioner must file any new federal *habeas corpus* petition within one year of any decision issued by the Court of Appeals. *See* 28 U.S.C. § 2244(d)(1).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Court dismisses the petition without prejudice as prematurely filed. *See* 28 U.S.C. § 2254(b).

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[2] In order to exhaust any issues for purpose of *habeas corpus* review, Petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70. Should that court's decision adversely affect Petitioner, he must seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should Petitioner file new motions under N.Y. C.P.L. § 440, and/or other collateral motions, he must show that those grounds have been completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  February 21, 2020
        New York, New York

                                              COLLEEN McMAHON
                                      Chief United States District Judge